IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALBERT POON,

        Plaintiff,                No. CIV S-07-1123 MCE KJM P

   vs.

DURFEY, et al.,                  <u>ORDER AND</u>

        Defendants.         <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. He claims defendants violated his rights under the ADA in failing to accommodate his ambulatory disability, which requires use of a cane, by denying him a shorter walk to the dining hall. He also claims defendants' actions violated the Eighth Amendment's prohibition on cruel and unusual punishment. Plaintiff recently informed the court that he has been released from prison and removed from the United States by the Department of Homeland Security to Hong Kong, China. Defendants previously have provided the court with a copy of plaintiff's removal order, dated May 24, 1988; the order indicates the initial determination to remove was not appealed. <u>See</u> Defs.' Pretrial Statement, Ex. A (docket no. 38).

/////

/////

I. <u>Order to Show Cause Re: Dismissal</u>

On September 21, 2009, the court ordered plaintiff to show cause why this action should not be dismissed because it appears plaintiff cannot appear personally for trial. Plaintiff responded to the court's order on October 26, 2009.

Plaintiff asserts he should be allowed to re-enter the United States to attend trial. However, he fails to point to any authority suggesting the court, sitting as the trial court in this action, has the power to order that he be allowed to re-enter the country for trial. Even if the court were to order that plaintiff be allowed to re-enter the country, plaintiff asserts he does not have the financial means to travel from Hong Kong to the United States; he fails to provide any legal support for his suggestion that the court order the United States to pay for his return. Alternately, plaintiff suggests that the court allow plaintiff to appear at trial via "closed circuit television." Even if the court did allow plaintiff to appear at trial in this manner, plaintiff has not shown he can afford the associated costs or any reason why the court should pay those costs. Because plaintiff has not shown that he can be available for trial in any reasonable manner, due to the fact that he has been removed from the United States, this action should be dismissed.

II. <u>Request for Counsel</u>

A week before the court issued its order to show cause, plaintiff mailed from Hong Kong a request for the appointment of counsel, in light of his being removed.[1] Defendants have not filed any response to the request.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). The court is not aware of any precedent altering this rule when a plaintiff, as in the present case, is released from prison and removed from the county. In certain exceptional circumstances, the court may request the voluntary assistance of counsel

---

[1] Prior to his being removed, early in the life of this case, plaintiff requested appointment of counsel. The court denied that request. <u>See</u> Request (docket no. 5) & Order (docket no. 6).

1  pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);
2  Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  "A finding of exceptional
3  circumstances requires an evaluation of both 'the likelihood of success on the merits and the
4  ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues
5  involved.' Neither of these factors is dispositive and both must be viewed together before
6  reaching a decision." Terrell, 935 F.2d at 1017 (quoting Wilborn v. Escalderon, 789 F.2d 1328,
7  1331 (9th Cir. 1986)).  Whether or not to appoint counsel "is within 'the sound discretion of the
8  trial court.'"  Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004)
9  (quoting Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984)).

10          Here, while plaintiff's claims have survived summary judgment, the court has
11  determined only that questions of material fact must be resolved by a jury, given defendants' jury
12  demand.  Plaintiff has presented nothing in support of his request for counsel indicating he is
13  likely to succeed so as to satisfy the first prong of the analysis set forth in Terrell.  Moreover, his
14  original requests for declaratory and injunctive relief are now moot in light of his release, leaving
15  only the question of damages.  While plaintiff, in his pretrial statement, indicates he seeks
16  substantial amounts in compensatory and punitive damages, he does not identify any expert,
17  medical or otherwise, who will testify in support of his damages claims.  While he states, also in
18  his pretrial statement, that "it is advisable" that the court appoint a medical expert to testify
19  regarding certain medical expenses, he makes the suggestion for the first time five months after
20  the close of discovery.  During the discovery period, he did not seek appointment of a medical
21  expert, nor did he seek discovery as provided by Federal Rule of Civil Procedure 56(f) in
22  response to defendants' motion for summary judgment.  Without expert evidence, it is difficult to
23  imagine plaintiff obtaining more than nominal relief, if he is able to obtain even that.

24          As for the second prong of the required analysis, since filing his case, plaintiff has
25  demonstrated his ability to articulate his claims sufficiently well to prosecute his case and
26  position it for trial.  While plaintiff's being removed naturally poses challenges to his ability to

actually proceed to trial, plaintiff's removal is not challenged in any of the claims on which his case is proceeding.  Moreover, in considering the interests at stake in plaintiff's case, this court does not find that an attorney should be requested to voluntarily assist plaintiff at trial, which request would necessarily impose upon an attorney significant time, cost and logistical hurdles associated with communicating with plaintiff in Hong Kong.[2]

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (#43) is denied; and

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within twenty days after service of the objections.  The parties are

/////
/////
/////
/////
/////
/////
/////
/////
/////

---

[2] In a request filed January 20, 2009, plaintiff himself seems to concede that if ordered removed "he would not have his days in court."  See Request for Expeditious Ruling (docket no. 33) at 2.

4

1 advised that failure to file objections within the specified time may waive the right to appeal the
2 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: January 12, 2010.

_____
U.S. MAGISTRATE JUDGE

1
poon1123.frs